

**Fox Rothschild LLP**
ATTORNEYS AT LAW

Mail: P.O. Box 5231, Princeton, NJ 08543-5231

Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel 609.896.3600  Fax 609.896.1469
www.foxrothschild.com

Jeffrey M Pollock
Certified by the Supreme Court of New Jersey
   as a Civil Trial Attorney
Direct Dial: (609) 896-7660
Email Address: jmpollock@foxrothschild.com

January 3, 2013

**VIA ECF**

The Honorable Katharine S. Hayden, U.S.D.J.
U.S. District Court, District of New Jersey
Frank R. Lautenberg U.S. P.O & Cthse.
Room 311
Newark, NJ 07101-0999

   Re:   **C.R. Bard, Inc. v. Lexington Insurance Company**
         **Civil Action No. 12-50 (KSH) (PS)**

Dear Judge Hayden:

   Counsel for plaintiff C.R. Bard, Inc. ("Bard") and counsel for defendant Lexington Insurance Company ("Lexington") submit this joint letter to the Court pursuant to the Order on Informal Application entered on September 11, 2012 (the "9/11/12 Order"). As the Court knows, the 9/11/12 Order administratively terminated this case, subject to reactivation, in order to give the parties an opportunity to discuss settlement. The 9/11/12 Order provides that any request to reactivate the case must be made by joint letter submitted no later than January 3, 2013. Although the parties have made significant progress toward the negotiation of a settlement, a settlement has not been achieved. Accordingly, the parties submit this joint letter to the Court.

   As anticipated in the September 11, 2012 Order counsel and representatives of the parties met on October 25, 2012. At the conclusion of that meeting, the general outlines of a proposed settlement had been sketched out and it was agreed that the attorneys and representatives present at the meeting would bring the proposed settlement to higher-level decision-makers at each party for approval of the outlines of settlement. Subsequently, plaintiff has indicated that, in general terms, the proposed settlement terms are acceptable subject to negotiation of a specific settlement agreement. Unfortunately, Hurricane Sandy struck a few days after the October 25 meeting. Both



**Fox Rothschild** LLP
ATTORNEYS AT LAW

The Honorable Katharine S. Hayden, U.S.D.J.
Re: *C.R. Bard, Inc. v. Lexington Insurance Company*, Civil Action No. 12-50 (KSH)(PS)
January 3, 2013
Page 2

defendant and its counsel are headquartered in lower Manhattan and were severely impacted by the storm and have not yet responded with their position regarding the general terms of the proposed settlement.

Plaintiff's Position

While plaintiff sympathizes with the difficulties that Lexington and counsel has faced as a result of the storm, plaintiff believes that more than sufficient time has passed since October 25 during which defendant should have been able to determine whether the basic terms of the proposed settlement are acceptable and that, if they were not able to do so by the end of the calendar year, it would be necessary to reactivate the case. Plaintiff has communicated this position to counsel for defendant and has also attempted to schedule depositions in the latter part of January 2013 in the event that a settlement was not achieved. Although counsel for defendant has indicated that they are doing their best to move forward, they have neither confirmed that defendant agrees to the basic terms of the settlement, nor have they provided proposed deposition dates. Under the circumstances, plaintiff believes that the case should be reactivated.

Defendant's position

Shortly after the October 25, 2012 meeting wherein the parties formulated the proposed settlement framework, Hurricane Sandy struck and severely disrupted the defendant's operations in New York, including the lines of communication necessary to the complete its internal analysis and approval process with regard to the settlement framework.

As an immediate result of the storm, at least two of the individuals involved in the approval process were temporarily displaced from their homes. Moreover, the storm caused extensive damage to the building where the defendant's offices are located at 175 Water Street in Manhattan and where the individuals working on the approval of the proposed settlement framework are located. The storm damage caused the extended closure of the defendant's offices in Manhattan and, during that time, forced the defendant's employees to work remotely. Due to poor connectivity, as well as interruptions in the ability to remotely access files, working remotely proved to be difficult. In addition, conferences via telephone to discuss the proposed settlement with senior officers were hampered by technical issues and, again, due to not having access to files.

Personnel working on the approval of the proposed settlement framework were not able to return to their offices at 175 Water Street until November 19, 2012, just a few days before the



**Fox Rothschild LLP**
ATTORNEYS AT LAW

The Honorable Katharine S. Hayden, U.S.D.J.
Re: *C.R. Bard, Inc. v. Lexington Insurance Company*, Civil Action No. 12-50 (KSH)(PS)
January 3, 2013
Page 3

Thanksgiving holiday weekend. However, while the defendant's operations have largely normalized, the lingering effects of the storm, including backlogged tasks and responsibilities from the office closure, remain significant. The defendant's building systems, powered by generators until December 24, 2012, were compromised. As a result, the defendant's office computer systems were at times slow or failing. In addition, due to damage from the storm, the building had to be closed by 6:00 pm and was completely closed on the weekends, without exceptions. Finally, the defendant has been forced to focus resources on getting related offices, that were also affected by the storm, up and running. Because the defendant's offices at Maiden Lane and Old Slip in lower Manhattan were closed until only mid-December and the offices at 80 Pine reopened on December 27, 2012 on generator power. Thus, staff from these offices was accommodated at 175 Water. Some personnel had to continue to work at home to prevent overcrowding of 175 Water and due to reduced transportation service that continued as a result of the storm damage.

Nevertheless, despite the challenges caused by the storm damage, the proposed settlement framework has undergone several levels of review by the defendant's officers. However, defendant's analysis of the proposed settlement framework is still ongoing and has not been completed. In connection with the defendant's analysis of the settlement framework, the defendant sought, and continues to review and analyze, additional information from the plaintiff regarding the claims filed and potential future claims, in the MDL and otherwise, that would be the subject of the proposed settlement. The undersigned is working diligently to assist in the analysis of the proposed settlement framework, which is complex. The remaining individuals required to approve the settlement framework on behalf of the defendant will not be able to review the analysis, once completed, before January 9, 2012.

Your Honor's Order of September 11, 2012 requires that any request to reactivate the case must be made by joint letter no later than January 3, 2013. Further, should the parties seek to reactivate the case, Your Honor's Order prescribes specific deadlines for the completion of fact and expert discovery and schedules a pretrial conference before Magistrate Shwartz to take place on June 18, 2013. In light of the unavoidable delays in the defendant's approval process as a result of the disruption caused by the storm, Lexington respectfully requests a brief extension of the deadline to reactive this case for a period of one month from January 3, 2013 to February 3, 2013 and, consequently, extension of the litigation deadlines set forth in Your Honor's Order.

Your Honor's Order states that no extensions impacting the dates associated with the adjourned Final Pretrial Conference will be granted. However, we respectfully submit that the difficulty in completing approval of the settlement framework caused by the storm represents



**Fox Rothschild LLP**
ATTORNEYS AT LAW

The Honorable Katharine S. Hayden, U.S.D.J.
Re: *C.R. Bard, Inc. v. Lexington Insurance Company*, Civil Action No. 12-50 (KSH)(PS)
January 3, 2013
Page 4

special circumstances warranting the requested extension. Neither the Court nor the parties could have accounted for the effect the storm would have on the defendant's operations when the original deadlines were set.

Lexington remains committed to reaching a negotiated resolution of this matter and is working hard to properly vet and obtain the necessary approvals for the proposed framework.
An additional month's time will allow defendant the ability to complete its analysis of the proposed framework discussed on October 25, 2012 and, hopefully, move forward from the proposed framework that the parties reached at their October 25 meeting to a complete resolution of this matter.

For the foregoing reasons, Lexington respectfully requests a one month extension of the deadline to reactive this case and the litigation deadlines set forth in the Court's Order of September 11, 2012.

Respectfully submitted,

Jeffrey M. Pollock
Robert J. Rohrberger
Attorney for C.R. Bard, Inc.

Andrew Houghton
Attorney for Lexington Insurance Company

cc: Honorable Patti Shwartz, U.S.M.J. (Via ECF)
    All Counsel of Record (Via ECF)